UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

v.

D-1 Ricardo Martinez,
D-2 Dwight H. Rashad,

    Defendant,

No. 21-20746

Hon. Gershwin A. Drain

---

### Stipulation and Order to Continue the Motion Cutoff, the Pretrial Conference, and the Trial, and Find Excludable Delay

---

The parties stipulate to continue the trial date until approximately August 19, 2025. At a status conference on May 28, 2025, the parties stipulated to an adjournment of dates, for the reason memorialized below, and for the time to be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). Here again, the parties further stipulate, and jointly move for the Court to find, that the time period between June 10, 2025, through the new trial date, qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial. The defendant has received some discovery from the government and is reviewing that discovery, including whether to file any

pretrial motions. The government has provided additional discovery, including wire intercepts primarily in Spanish. The defendant will require additional time to review these recordings, which review has been delayed while the parties worked through technological issues. The parties are also engaged in interviewing witnesses and otherwise preparing for trial. Furthermore, the parties are engaged in pretrial negotiations and desire additional time to complete those negotiations.

      Based on the in-court stipulations of the parties, the Court has already scheduled the plea cutoff and final pretrial conference to August 4, 2025. The parties therefore request that the Court grant a continuance of the trial date and further find that the delay caused by this continuance should be deemed excludable time under 18 U.S.C. § 3161(h)(7)(A) because the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

| | |
|---|---|
| *s/Thomas Franzinger* | *s/Todd A. Perkins* (w/consent) |
| Thomas Franzinger | Todd A. Perkins |
| Assistant United States Attorney | Attorney for Dwight Rashad |
| 211 W. Fort Street, Suite 2001 | 615 Griswold Street |
| Detroit, MI  48226 | Detroit, MI 48226 |
| Thomas.franzinger2@usdoj.gov | tperkins@perkinslawgroup.net |
| (313) 226-9774 | (313) 964-1702 |

Dated: June 17, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                                         No. 21-20746

v.

                                         Hon. Gershwin A. Drain

D-1 Ricardo Martinez,
D-2 Dwight H. Rashad,

       Defendant,

---

**Order Continuing the Motion Deadline, the Plea Cutoff, and the Trial, and Finding Excludable Delay**

---

The Court has considered the parties' stipulation, both at the status conference on May 28, 2025, and here again in writing, their joint motion to continue the trial, and for a finding that the time period from June 10, 2025, to the new trial date qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). For the reasons described in the parties' submission, and after considering the factors listed in § 3161(h)(7)(B), the Court finds that the ends of justice served by granting the parties' requested continuance outweigh the best interests of the public and the defendant in a speedy trial and that the time from June 10, 2025, through August 19, 2025 qualifies as excludable delay under

§ 3161(h)(7). Specifically, the Court finds that the parties are collecting and reviewing discovery, including recordings in Spanish, and require additional time to complete their review. The Court also finds that the parties are engaged in pretrial negotiations and require additional time to complete those negotiations. As a result, failure to grant a continuance would likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i). The Court also finds that counsel for the defendant and the attorney for the government need additional time for effective preparation for trial, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

IT IS THEREFORE ORDERED that motions shall be due on July 14, 2025, the plea-cutoff/final pretrial conference shall take place on August 4, 2025, at 2:00pm. IT IS FURTHER ORDERED that the trial shall take place on August 19, 2025 and that the time from June 10, 2025, through August 19, 2025 shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

/s/Gershwin A. Drain
Hon. Gershwin A. Drain
United States District Judge

Entered: June 23, 2025